UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | Case No. CR03-00482-1-RSL |
| v. | ) ) ) | **PROPOSED FINDINGS OF FACT AND DETERMINATION** |
| GEOFFERY NEWMAN, | ) ) | **AS TO ALLEGED VIOLATIONS OF** |
| Defendant. | ) ) | **SUPERVISED RELEASE** |

INTRODUCTION

I conducted a hearing on alleged violations of supervised release in this case on March 31, 2009. The defendant appeared pursuant to a summons issued in this case. The United States was represented by Michael Lang, and defendant was represented by Gilbert Levy. Also present was U.S. Probation Officer Jerrod Akins. The proceedings were digitally recorded.

CONVICTION AND SENTENCE

Defendant was sentenced on November 5, 2004 by the Honorable Robert S. Lasnik to Conspiracy to Distribute Marijuana. He received eight months of imprisonment and three years of supervised release. On January 22, 2008, defendant admitted using cocaine and alcohol. The Court concurred with the recommendation that no action be taken. On April 28, 2008, the Court granted a request to modify supervision and ordered defendant to participate in home

PROPOSED FINDINGS OF FACT AND
DETERMINATION AS TO VIOLATIONS OF
SUPERVISED RELEASE -1

confinement. On November 2, 2008, the Court sentenced defendant to 2 days of confinement and one year of supervision after defendant admitted he failed to comply with the confinement program.

## PRESENTLY ALLEGED VIOLATIONS AND COURT'S FINDING FOLLOWING EVIDENTIARY HEARING

In a petition dated February 26, 2009, U.S. Probation Officer Jerrod Akins alleged that defendant violated the following conditions of supervised release:

1. Failing to participate as instructed in a substance abuse treatment program in violation of a special condition of supervision.

Defendant denied the allegation and the Court conducted an evidentiary hearing on March 31, 2009. U.S. Probation Officer Jerrod Akins and defendant testified. The Court also admitted two exhibits into evidence. Defendant contended neither the special treatment condition nor the U.S. Probation Officer made it clear that he was required to participate in a treatment program. Defendant in fact testified he did not think treatment was a condition of his supervision and that he was only required to stay clean and sober. However, defendant's judgment (exhibit 2) not only prohibits defendant from consuming illegal drugs and alcohol, it also requires defendant, as a separate condition, to participate in treatment as directed by the probation officer. The testimony presented also established defendant and his probation officer discussed treatment, that the probation officer approved of treatment at St. Joseph's hospital, that defendant last attended the program on January 19, 2009, and that defendant was terminated from the program in February 2009.

Following the evidentiary hearing, defendant was advised he was still required to comply with all conditions of his supervised release. He was also advised that a disposition hearing was

PROPOSED FINDINGS OF FACT AND
DETERMINATION AS TO VIOLATIONS OF
SUPERVISED RELEASE -2

scheduled for April 14, 2009 at 8:30 am before Chief Judge Lasnik.

RECOMMENDED FINDINGS AND CONCLUSIONS

Based upon the foregoing, I recommend the court find that defendant has violated the conditions of his supervised release as alleged above, and conduct a disposition hearing.

DATED this 31st day of March, 2009.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge